UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00171-HBB

LAURA A. HICKS WOOTEN                                      PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                   DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Laura Ann Hicks Wooton seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 12) and Defendant (DN 13) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8). By Order entered December 22, 2016, (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance Benefits on June 13, 2012[1] (Tr. 255-58).[2] Plaintiff alleged that she became disabled on July 14, 2011, as a result of the following impairments:

1. Degenerative disc disease,anxiety,depression
2. Degenerative Disc Disease, spinal disorders, and Sciatica
3. Supraventricular Tachycardia, Hyperlipidemia, Blood Press
4. Osteoarthritis, neuropathy in arms and hands
5. Osteoporosis
6. GERD and stress incontinence
7. History of Thyroid Cancer
8. Insomnia
9. Depression and anxiety/nervousness
10. Poor memory and concentration
11. Symptoms of Post Traumatic Stress Disorder

(Tr. 317-18).

On August 25, 2014, Plaintiff submitted a substantial amount of additional medical records regarding her shoulder, neck, and back conditions (Tr. 75-78). The following day, during the administrative hearing, Administrative Law Judge Dwight D. Wilkerson ("ALJ") acknowledged receipt of several new medical exhibits and indicated that he had not yet reviewed them (Tr. 75, 77, 105). The ALJ conducted the administrative hearing by video from Louisville, Kentucky (Tr. 42-44). Plaintiff and her attorney, Charles D. Burchett, participated from Bowling Green, Kentucky (Id.). Tina Stambaugh, a vocational expert, also participated in the video hearing (Tr. 71). At the close of the hearing, the ALJ indicated that he planned to review the new medical exhibits and issue a decision (Tr. 105).

---

[1] Administrative Law Judge Dwight D. Wilkerson ("ALJ") indicates the protective filing date is June 15, 2012 (Tr. 22). However, the protective filing material in the record actually indicates June 13, 2012 (Tr. 255).

[2] Included within the record are applications for Disability Insurance Benefits and Supplemental Security Income benefits, and a work activity report that Plaintiff filed on August 2, 2011 (Tr. 244-47, 248-54, 275-88). The ALJ does not mention of these applications in the decision (Tr. 19-41) and there is no indication in the record regarding the outcome of these applications.

In a letter dated October 15, 2014, the ALJ advised Plaintiff's counsel that he proposed to enter additional evidence into the record (Tr. 361-62). Specifically, the ALJ proposed entering into the record the professional qualifications of Arthur Brovender, M.D., and the Doctor's responses to a medical interrogatory, prepared on September 30, 2014 (Id.). The letter advises that Plaintiff has the right to submit written comments concerning the evidence, a statement about the evidence, written questions to Dr. Brovender, and to request a supplemental hearing (Id.). The letter also indicates that if Plaintiff requests a supplemental hearing he would have the opportunity to question witnesses, including Dr. Brovender, and if the proposed witness declines to appear voluntarily the ALJ will consider whether to issue a subpoena to require his or her appearance (Id.).

Plaintiff's attorney responded in a letter dated October 27, 2014 (Tr. 365-66). Counsel objected to the admissibility of Dr. Brovender's responses because they do not constitute a proper medical opinion, requested an opportunity to submit a medical source statement from Plaintiff's treating physician, and requested the record remain open for 30 days to allow counsel to obtain and submit the medical source statement, or, in the alternative, requested a supplemental hearing so further evidence might be presented (Id.).

In a letter dated December 19, 2014, Plaintiff's counsel advised the ALJ that two functional capacity assessments prepared by physical therapist Laura Goulbourne were being submitted in response to the material submitted by Dr. Brovender (Tr. 367). Counsel explained that Plaintiff's treating pain management physician, Vivek Jain, M.D., responded to his request for a medical assessment by referring Plaintiff to Ms. Goulbourne with instructions to perform a full functional capacity assessment with objective testing (Id.). Plaintiff's attorney indicated no

further reports would be submitted and, if a favorable decision could not be entered, then Plaintiff requested a supplemental hearing be conducted (Id.).

On May 4, 2015, the ALJ conducted a supplemental video hearing from Louisville, Kentucky (Tr. 42-70). Plaintiff and her attorney, Charles D. Burchett, participated from Bowling Green, Kentucky (Id.). At the beginning of the proceeding, the ALJ summarized the circumstances that led to Plaintiff requesting the supplemental hearing (Tr. 45). Additionally, Plaintiff's counsel clarified that his objections, set forth in the letter dated October 27, 2014, relate to the weight to be assigned to, as opposed to the admissibility of, Dr. Brovender's responses (Tr. 46). Sharon Lane, a vocational expert, also participated in the video hearing (Tr. 42, 65-68). Ms. Lane responded to the ALJ's two hypothetical questions by identifying jobs that Plaintiff could perform (Tr. 65-68).

In a decision dated May 29, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 19-41). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 14, 2011, the alleged onset date (Tr. 24). At the second step, the ALJ determined that Plaintiff's "degenerative disc disease of the cervical and lumbar spine; undifferentiated connective tissue disease; anxiety; depression; and posttraumatic stress disorder" are "severe" impairments within the meaning of the regulations (Tr. 24). Also at the second step, the ALJ determined that Plaintiff's gastroesophageal reflux disease, stress incontinence, Cushing's disease, atypical chest pain, and history of thyroid cancer are "non-severe" impairments within the meaning of the regulations (Tr. 24-25). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 25).

At the fourth step, the ALJ made the following finding regarding Plaintiff's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, ropes or scaffolds. She could occasionally climb ramps and stairs. The claimant could occasionally stoop, kneel, crouch and crawl. She could frequently, but not constantly hand/finger with the bilateral upper extremities. She is able to understand, remember and carry out simple work instructions. She is able to sustain attention and persist at simple, routine tasks for extended periods of two-hour segments and adapt to changes in a routine work setting. The claimant requires a sit/stand option that will permit her to stand/walk approximately four of eight hours.

(Tr. 27). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work (Tr. 34).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 34-35). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 35). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from July 14, 2011, through the date of the decision (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 17-18). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

## Challenged Findings

Plaintiff challenges Finding No. 5 which sets forth the ALJ's assessment of Plaintiff's residual functional capacity (DN 12 PageID # 955-59). Plaintiff also challenges Finding No. 11 (Id. PageID # 959). This finding sets forth the ALJ's conclusion that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 14, 2011, through the date of the decision, May 29, 2015 (Id. PageID # 959).

### A

1. Plaintiff's Argument

Plaintiff contends that Finding No. 5 is not supported by substantial evidence in the record because the ALJ erred in adopting and giving weight to Dr. Brovender's responses to the medical interrogatories (DN 12 PageID # 955-59). Plaintiff explains that Dr. Brovender cannot be considered an acceptable medical source under 20 C.F.R. § 404.1513(a) because there is no evidence in the record indicating he is a licensed physician (*see* Tr. 890). Next, Plaintiff asserts there is nothing to support the ALJ's conclusion that Dr. Brovender reviewed most of Plaintiff's medical records before answering the medical interrogatories (Tr. 31). Further, Plaintiff indicates that a meaningful review of Dr. Brovender's opinions is impossible because his handwriting is not entirely legible. Additionally, citing 20 C.F.R. § 404.1513(b)(4), Plaintiff asserts that it is impossible to evaluate the functional limitations in Dr. Brovender's response to interrogatory No. 9 because his response to interrogatory No. 6 failed to identify the impairments upon which those limitations are based (*see* Tr. 853).

2. Defendant's Argument

Defendant asserts that substantial evidence in the record supports the ALJ's residual functional capacity finding (DN 13 PageID # 963-66). Although Dr. Brovender's licensing information is not in his resume, Defendant contends the resume does indicate Dr. Brovender is a senior emeritus staff member in orthopedics at Norwalk Hospital in Connecticut (DN 13 PageID # 967-69 citing Tr. 213). Defendant also points out that the Connecticut Department of Health website indicates that Dr. Brovender is active and medically licensed in the state of Connecticut (DN 13 PageID # 967 citing https://www.elicense.ct.gov/Lookup/LicenseLookup.aspx (general site for state license searches)).

In response to Plaintiff's claim that Dr. Brovender did not review the medical record, Defendant points out that Dr. Brovender checked the statement on the medical interrogatory form indicating he reviewed the medical evidence provided by the Agency (Id. citing Tr. 853). Further, Defendant points out that in response to interrogatory No. 6, Dr. Brovender specified that he considered numerous MRI studies of the spine, x-ray studies, and examination findings, including straight leg raise testing and decreased ranges of lumbar spine motion (Id. citing Tr. 853). Defendant asserts that Dr. Brovender's handwriting is legible. Defendant also points out that Dr. Brovender set forth the following diagnoses: spondlylosis, scoliosis, lumbar spine degenerative disc disease, and mild protrusion (Id. citing Tr. 853). Further, asserts Defendant, Dr. Brovender specifically opined that Plaintiff could perform light work with postural limitations (occasional) (Id. Tr. 855).

Defendant contends there is no merit to Plaintiff's claim that she did not have an opportunity to have her objections heard (DN 13 PageID # 967-69). Defendant indicates that the ALJ provided Plaintiff with an opportunity to submit rebuttal medical evidence from her treating

physician and granted her request for a supplemental hearing (Id.). Defendant points out that Plaintiff elected not to have the ALJ subpoena Dr. Brovender's attendance at the supplemental hearing (Id.). Moreover, Defendant asserts that the ALJ addressed Plaintiff's objection to the weight to be assigned to Dr. Brovender's responses to the medical interrogatories (Id.). Defendant points out that the ALJ only assigned some weight to Dr. Brovender's opinion, noting that the record supported greater limitations (Id. citing Tr. 31). Further, the Defendant notes that the ALJ considered the opinions of Plaintiff's physical therapist and allowed it limited weight (Id. citing Tr. 31, 864-69).

   3. Discussion

On September 30, 2014, Dr. Brovender filled out a form entitled "MEDICAL INTERROGATORY PHYSICAL IMPAIRMENT(S)--ADULTS" (Tr. 853-55). Dr. Brovender's response to question No. 5 indicates that he had sufficient objective medical evidence and other evidence to allow him to form opinions about the nature and severity of Plaintiff's impairments during the relevant time period of July 14, 2011 through September 20, 2014 (Tr. 853).

In pertinent part, question No. 6 asked Dr. Brovender to specify Plaintiff's impairments established by the evidence and to cite the objective medical findings that support the doctor's opinion, "with specific references (exhibit or page number) to the evidence we provided from the case record" (Id.). Dr. Brovender responded to this question by hand printing several lines of information that at first blush appears nearly illegible (Id.). However, closer scrutiny reveals that beginning in the left margin Dr. Brovender set forth the exhibit number (e.g., 3F) of the evidence provided from the case record, abbreviations for the specific tests performed (e.g., MRI CS), and abbreviations for the results of those tests (e.g., postop ACD Hrn C6) (Id.). From this information the reader can ascertain that Dr. Brovender reviewed the medical evidence set forth

at Exhibits 3F, 4F, 7F, 10F, 12F, 16F, 18F, 20F, 22F, and 23F (Id.). Further, the reader need only refer to the specifically identified exhibit in the case record to fully understand Dr. Brovender's abbreviations and hand writing in response to question No. 6. Dr. Brovender indicated that Plaintiff's impairments established by the evidence are spondlylosis, scoliosis, lumbar spine degenerative disc disease, and tiny to small disc bulges/protrusions at C6-C7 and L4-L5 with mild disc desiccation. Certainly, taking this extra step to fully understanding Dr. Brovender's response may be a bit time-consuming. However, by taking this extra step the undersigned has determined that: (1) substantial evidence in the record supports the ALJ's finding that Dr. Brovender reviewed most of the record (Tr. 31); (2) a meaningful review of Dr. Brovender's opinions can be conducted despite Plaintiff's complaints about the legibility of his hand printed response to question No. 6; and (3) Dr. Brovender's response to question No. 6 specifies Plaintiff's impairments established by the evidence.

In pertinent part, question No. 9 asked Dr. Brovender to identify any functional limitations or restrictions that result from the impairments he identified in response to question No. 6 (Tr. 855). Dr. Brovender opined that Plaintiff can perform light work; she has no limitations to sit or stand; she can lift 10 pounds frequently and 20 pounds occasionally; and she could occasionally perform postural activities (Id.). Thus, when Dr. Brovender's responses to question Nos. 6 and 9 are considered together the reader can determine that the Doctor intended these functional limitations to apply to Plaintiff's cervical and lumbar back conditions.

The ALJ implicitly found that Dr. Brovender is an acceptable medical source in the context of assigning weight to the Doctor's opinion (Tr. 30-31). Plaintiff challenges this implicit finding by pointing out that there is no evidence in the record indicating Dr. Brovender is a licensed physician. Yet, Plaintiff had the opportunity to develop the administrative record on

11

this issue and she made no effort to do so. For example, Plaintiff failed to raise the matter in her written response to the ALJ's proffer correspondence which included Dr. Brovender's resume and responses to the medical interrogatory (Tr. 365-66). Further, despite having the opportunity to ask Dr. Brovender about his credentials either through written questions or by calling him to testify at the supplemental hearing (Tr. 361-62), Plaintiff did nothing. Moreover, during the supplemental hearing Plaintiff reminded the ALJ about her objection to the weight that would be assigned to Dr. Brovender's opinions but was silent about the Doctor's credentials (Tr. 46). Therefore, the undersigned finds that Plaintiff waived this claim by failing to take the necessary steps to develop the administrative record regarding Dr. Brovender's credentials.

Notwithstanding, the applicable regulation indicates that only an acceptable medical source is qualified to establish whether a claimant has a medically determinable impairment and issue a statement about what the claimant can still do despite his or her impairment. 20 C.F.R. §§ 404.1513(a) and (b)(6). A licensed physician is an acceptable medical source under the regulation. 20 C.F.R. § 404.1513(a)(1).

Dr. Brovender's resume does not expressly indicate whether he is a licensed physician (Tr. 890). Defendant encourages the court to utilize the internet to establish that Dr. Brovender is a licensed physician. However, the Sixth Circuit has indicated that district courts should not be using the internet to determine whether a medical source is currently licensed because this involves the use of evidence from beyond the administrative record to assess the final decision of the Commissioner. Miller v. Commissioner of Soc. Sec., 811 F.3d 825, 839-40 (6th Cir. 2016). In Miller, there was a complete absence of evidence regarding a purported treating source's credentials. Id. at 840. Therefore, the Sixth Circuit directed the district court to remand the case

back to the Commissioner with instructions for the Administrative Law Judge to further develop the record. Id.

The circumstances in Miller are distinguishable from those currently before the Court. Dr. Brovender's resume indicates that he has a medical degree and has worked for decades as an orthopedic physician (Tr. 213). According to his resume, from December 2000 to present Dr. Brovender has served as an emeritus staff member in the orthopedics section at a hospital in Norwalk Connecticut (Id.). Additionally, the resume indicates that from 2001 to present Dr. Brovender has functioned as a medical expert on orthopedics for the Social Security Administration (Id.). It is highly unlikely that that Dr. Brovender could work as an orthopedic physician for decades and serve in his current roles without a medical license. Thus, it is reasonable to infer that Dr. Brovender was a licensed physician when he rendered his opinions in response to the medical interrogatory.

Contrary to Plaintiff's assertions, the ALJ acknowledged her objections to Dr. Brovender's responses to the medical interrogatory (Tr. 30-31). Further, the ALJ indicated that he conducted an additional hearing at Plaintiff's request and provided her with the opportunity to present a functional assessment from a physical therapist, Laura Goulbourn, to rebut the functional limitations expressed in Dr. Brovender's opinion (Id.). After summarizing both opinions regarding Plaintiff's functional limitations arising out of her cervical and lumbar spine conditions, the ALJ then explained the weight he assigned to both opinions (Id.). The ALJ's explanation reads as follows:

> The undersigned has given only some weight to Dr. Brovender's opinion. Dr. Brovender did review most of the record and is well-qualified as an orthopedic surgeon. However, the undersigned finds that the record supports greater limitations then indicated by the medical expert. Limited weight has also been accorded to the recent opinion from the examining physical therapist. She is not

> an acceptable medical source and the conclusions represent only a snapshot of the claimant's functioning, rather than a longitudinal perspective. Moreover, this type of evaluation necessarily involves some reliance upon the claimant's presentation and representations, which is problematic given an individual who is not considered to be particularly reliable. Therefore, the undersigned finds the claimant to be limited to less than a full range of light work with postural limitations and a reduced ability to handle and finger as a result of her degenerative disc disease and resulting upper extremity radiculopathy, among other things.

(Tr. 31). After thoroughly reviewing the record and the ALJ's decision, the undersigned concludes that substantial evidence supports the ALJ's assignment of weight to the functional opinions expressed by Dr. Brovender and Ms. Goulbourne. Further, the undersigned concludes that the ALJ's residual functional capacity assessment is supported by substantial evidence in the record and comports with applicable law.

B

1. Plaintiff's Argument

As previously mentioned, Plaintiff challenges Finding No. 11 (DN 12 PageID # 959). In pertinent part Plaintiff's fact and law summary reads, "[f]or the reasons stated above, and otherwise appearing in the oral and documentary record, the ultimate finding of not disabled is not supported by substantial evidence" (Id.).

2. Defendant's Argument

Defendant's fact and law summary is silent regarding Plaintiff's challenge to Finding No. 11 (DN 13).

3. Discussion

To the extent that Plaintiff challenges Finding No. 11 by relying on her arguments addressed above, she is not entitled to relief. Substantial evidence in the record supports the ALJ's residual functional capacity assessment. Further, Plaintiff's allusion to reasons "otherwise

appearing in the oral and documentary record," is far too general for the undersigned to address. Additionally, it is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion).

The undersigned concludes that Plaintiff has failed to demonstrate she is entitled to relief with regard to Finding No. 11. Moreover, the undersigned has carefully reviewed the record and the ALJ's decision and concludes that Finding No. 11 is supported by substantial evidence in the record.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is upheld and judgment is granted for the Commissioner.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

August 2, 2017

Copies: Counsel